

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| DAVID OSADA AND KIMBERLY HOVANEC, | ) ) ) |
| Plaintiffs, | ) Case No. 11 C 2856 ) |
| v. | ) Hon. Harry D. Leinenweber ) |
| EXPERIAN INFORMATION SOLUTIONS, INC. | ) ) ) |
| | ) JURY DEMAND |
| Defendant. | ) |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter, having come before the Court on Plaintiffs' Motion for Final Approval of the proposed class action settlement with Defendant Experian Information Solutions, Inc. ("Experian"); the Court having considered all papers filed and arguments made with respect to the settlement, and the Court, being fully advised in the premises, finds that:

Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice by mail has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

The Defendant has timely filed notification of this settlement with the appropriate federal officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials, and finds that the Defendant's notification complies fully with the applicable requirements of CAFA.

The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representatives.

The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class members in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

The relief provided under the settlement constitutes fair value given in exchange for the releases of claims arising under 15 U.S.C. §1681i(a)(6)(B)(iii) only against the Released Parties, as those terms are defined in the Settlement Agreement.

The persons listed on Exhibit A hereto have validly excluded themselves from the Settlement Class in accordance with the provisions of the Preliminary Approval Order.

The parties and each Settlement Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

It is in the best interests of the parties and the Settlement Class members and consistent with principles of judicial economy that any dispute between any Settlement Class member (including any dispute as to whether any person is a Settlement Class member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

This Order shall apply to Class A (One Year letter), which is defined as: "All persons from whom (1) Experian received an identity theft report and written request to block information in that person's consumer report alleged to result from the identity theft; and (2) in response to which Experian, between April 28, 2009 and May 18, 2011, sent a letter stating at

least in part: 'We are unable to honor your request. Our records indicate that the police report we have on file is more than a year old. Due to your ongoing fraud situation, you will need to submit a new/amended police report, obtained within the past year'" and Class B (Does Not Meet the Guidelines letter), which is defined as: "All persons to whom Experian sent a letter between April 28, 2009 and May 18, 2011 stating at least in part: 'We are responding to your request that information in your personal credit report be blocked due to alleged fraud. The identity theft report that you sent us does not meet the guidelines established by the federal Fair Credit Reporting Act; therefore we are unable to honor your request to block information. However, if you provided specific information, we are investigating the information you questioned with the sources.'"

The Settlement Agreement submitted by the parties, specifically including Experian's agreement to refrain for a period of two (2) years from the practices challenged by Plaintiffs in this case, is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Settlement Class and the parties are directed to consummate the Agreement in accordance with its terms.

This action is hereby dismissed on the merits, with prejudice and without costs.

As agreed by the parties in the Settlement Agreement, upon the Effective Date, Experian and its present or former officers, directors, employees, attorneys, administrators, successors, assigns, subsidiaries, partners, sister corporations, parents, divisions, and predecessors. (collectively, the "Released Parties"), shall be released from all legal or equitable claims for statutory and punitive damages (arising on or before the Effective Date) that the Named Plaintiffs and Settlement Class Members had based on any violation by any of the Released Parties of Section 1681c-2 of the federal Fair Credit Reporting Act and/or any federal or state

law counterpart, including, but not limited to, 12 C.F.R. § 1022.3. Named Plaintiffs for themselves, their heirs, executors, administrators, and successors and assigns, hereby release and forever discharge the Released Parties, none of whom admit any liability but all expressly deny liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature, known or unknown, now existing. Further, upon the Effective Date, Experian, for itself, and on behalf of the Released Parties, shall release and forever discharge the Representative Plaintiffs, the Settlement Class, and their administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the Lawsuit.

  Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Experian and each member of the Settlement Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a

defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

Upon consideration of Class Counsel's application for fees and expenses, the Court awards $950,000 in attorney fees and $26,987.93 for reasonable expenses and finds such an award is fair and reasonable for fees and expenses.

Upon consideration of the application for an individual settlement award, Class Representative David Osada is awarded the sum of twenty thousand dollars ($20,000.00) and Class Representative Kimberly Hovanec is awarded the sum of ten thousand dollars ($10,000.00) in consideration for their individual claims against the Defendant and for the valuable service they have performed for and on behalf of the Settlement Class.

The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

Hon. HARRY D. LEINENWEBER

Dated: 11/14/2013